[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12890
Non-Argument Calendar

_____

D.C. Docket No. 4:01-cr-10055-FAM-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS PEREIRA, SR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 3, 2021)

Before NEWSOM, LAGOA, and ANDERSON, Circuit Judges.

PER CURIAM:

Luis Pereira, Sr., a federal prisoner proceeding *pro se*, appeals the district court's denial of his second 18 U.S.C. § 3582(c)(2) motion to reduce his sentence, pursuant to Amendment 782 to the United States Sentencing Guidelines. On appeal, Pereira argues that the district court abused its discretion in denying his motion because it did not consider his post-conviction rehabilitative conduct when weighing the 18 U.S.C. § 3553(a) sentencing factors. He further argues, for the first time on appeal, that he is eligible for relief under the First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222 ("First Step Act"), because he is serving a sentence for a covered offense under the Act. For the following reasons, we affirm the denial of Pereira's motion.

In cases where § 3582(c)(2) properly applies, we review a district court's decision to grant or deny a sentence reduction only for abuse of discretion. *United States v. Caraballo-Martinez*, 866 F.3d 1233, 1238 (11th Cir. 2017).

A district court has discretion to reduce an imprisonment term if a defendant's sentence is based on a sentencing range that was later lowered by the Sentencing Commission. *See* 18 U.S.C. § 3582(c)(2). If the district court determines that a defendant is eligible for a sentence reduction, it should recalculate the defendant's new sentencing range and then decide whether to

2

impose a reduced sentence—or retain the original sentence—after considering the § 3553(a) factors. *United States v. Smith*, 568 F.3d 923, 927 (11th Cir. 2009).

To obtain a sentence reduction based on an amendment to the Sentencing Guidelines, the amendment must be one of those listed in U.S.S.G. § 1B1.10(d). *See* U.S.S.G. § 1B1.10(a)(1). Amendment 782 is listed in § 1B1.10(d) and therefore may serve as the basis for a sentence reduction. *See id.* § 1B1.10(d). Amendment 782 reduced the base offense levels that apply to most drug offenses listed in U.S.S.G. §§ 2D1.1 and 2D1.11, including Pereira's cocaine-related offenses. *See* U.S.S.G. App. C, Amend. 782. Thus, the government concedes that Pereira was eligible for a sentence reduction because Amendment 782 lowered his sentencing range.

When determining whether to reduce a defendant's sentence, a district court (1) "shall" consider the § 3553(a) sentencing factors; (2) "shall" consider the nature and seriousness of the danger to any person or the community that the reduction may pose; and (3) "may" consider the defendant's post-sentence conduct. U.S.S.G. § 1B1.10, comment n.1(B); *Smith*, 568 F.3d at 927.

The district court is not required to explain the applicability of any particular § 3553(a) factor when ruling on a § 3582(c)(2) motion, so long as "the record as a whole demonstrates that the pertinent factors were taken into account." *United States v. Williams*, 557 F.3d 1254, 1256 (11th Cir. 2009). In appropriate cases,

3

where the government's response to the motion addressed the § 3553(a) factors and cited relevant portions of the record, the district court may demonstrate that it has considered the § 3553(a) factors simply by stating that it "[has] reviewed the motions, the [g]overnment's [response], the record, and [is] otherwise duly advised." *United States v. Eggersdorf* 126 F.3d 1318, 1322–23 (11th Cir. 1997).

Here, although Pereira was eligible for a sentence reduction under Amendment 782, the district court did not abuse its discretion in denying Pereira's § 3582(c)(2) motion based on its assessment of the § 3553(a) factors. The government's response to Pereira's motion discussed the § 3553(a) factors in detail and argued that the specific circumstances of Pereira's criminal history made a sentence reduction inappropriate in his case. The district court then denied Pereira's § 3582(c)(2) motion "for the reasons stated in the government's response." Thus, the record as a whole demonstrates that the district court properly considered the § 3553(a) factors before denying Pereira's motion.

Furthermore, in ruling on Pereira's motion, the district court was not required to consider Pereira's post-conviction conduct. The Sentencing Guidelines provide that a district court "may" consider a defendant's post-conviction conduct when determining whether to grant or deny a sentence reduction, but they do not require district courts to do so. U.S.S.G. § 1B1.10, comment n.1(B); *United States*

4

*v. Williams*, 557 F.3d 1254, 1256 (11th Cir. 2009). Thus, the district court did not abuse its discretion by declining to consider post-conviction conduct in this case.

Finally, we do not address Pereira's claim for relief under the First Step Act at length because he did not seek such relief in his motion before the district court. In any event, however, Pereira is not eligible for relief under the First Step Act because he is not serving a sentence for a covered offense. All of Pereira's offenses were related to the importation of powder cocaine, and the First Step Act did not alter the criminal penalties for such offenses. *See United States v. Pubien*, 805 F. App'x 727, 730 (11th Cir. 2020) (noting that powder-cocaine offenses are not "covered offenses" under the First Step Act "because the sentences imposed for those convictions . . . were not modified by section 2 or 3 of the Fair Sentencing Act [of 2010]"). Consequently, even if we construe Pereira's motion as raising a claim under the First Step Act, the district court properly denied it.

**AFFIRMED.**[1]

---

[1] Pereira's motion for appointment of counsel is also **DENIED**. An inmate does not have a constitutional or statutory right to counsel in § 3582(c)(2) proceedings. *United States v. Webb*, 565 F.3d 789, 794 (11th Cir. 2009). Where there is no such right, we generally will appoint counsel only if "the *pro se* litigant needs help in presenting the essential merits of his or her position to the court." *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993). Pereira's motion and appellate brief have adequately presented his arguments and claims to this Court, and therefore we decline to appoint counsel.